# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

CHESTER T. WIEBE and
PATRICIA E. WIEBE,

**Debtors.**

**Bankruptcy Case No. 06-40325**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

>Brent T. Robinson, LING, ROBINSON & WALKER, Rupert, Idaho, Attorney for Debtors.
>
>Holger Uhl, NEAL & UHL, Boise, Idaho, Attorney for FRC Investment.
>
>Forrest Hymas, Hailey, Idaho, Chapter 12, Trustee.

### *Introduction*

Creditor FRC Investment Trust, Trustee Services ("Creditor") filed a Motion for Relief from Stay. Docket No. 20. The Court conducted a hearing concerning the motion, and has considered the submissions and evidence submitted by the parties, the arguments of counsel, as well as the applicable law.

MEMORANDUM OF DECISION - 1

This Memorandum constitutes the Court's findings of fact and conclusions of law, and disposes of the issues raised in connection with the motion. Fed. R. Bankr. P. 9014; 7052.

*Procedural History*

Debtors Chester T. and Patricia E. Weibe ("Debtors") obtained a loan from Household Finance Corporation ("HFC") in November, 2002.[1] The obligation was secured by a deed of trust on a parcel of real property. It is undisputed that the property, at all relevant times, totaled approximately 80 acres in size. *See*, [Amended] Stipulated Facts, ¶ 3, Docket 31. It is likewise undisputed that the property is not located within the boundaries of any city or village. Notwithstanding those facts, the deed of trust recites that the property "is not more than twenty acres in area or the Property is located within an incorporated city or village." Ex. 5-4, ¶ 22. The deed of trust was prepared by HFC and signed by Debtors.

On January 4, 2006, the beneficiary of the deed of trust was assigned from HFC to Northwest Funding Group, LLC, Ex. 5-11, and on February 13, 2006, a successor trustee was appointed. Ex. 5-12. On February 14, 2006, a

---

[1] Debtors were also indebted to HFC under a November, 2000 note, but that obligation has been paid and is not at issue.

MEMORANDUM OF DECISION - 2

Notice of Default concerning the loan was recorded in Twin Falls County.[2]  Ex. 5-13.  A Notice of Trustee's Sale dated February 16, 2006 was recorded and mailed to Debtors and other interested parties on February 20, 2006.  Ex. 5-18; 5-19.  The trustee's sale was set for June 21, 2006, but was actually held the following day, June 22, 2006, at which time Creditor purchased the property.  A trustee's deed conveying the property to Creditor was recorded on June 30, 2006.   On July 19, 2006, Debtors filed a bankruptcy petition under chapter 12.  It is undisputed that Debtors remain in possession of the property.

On August 1, 2006, Creditor filed a Motion for Relief from Stay seeking authorization to initiate legal action against Debtors to obtain possession of the property.  Debtors objected to the motion, and an initial hearing was held on August 21, 2006.  At the hearing, the parties were directed to submit a stipulation of facts, as well as additional briefing.[3]  On October 4, 2006, the Court conducted

---

[2] On November 8, 2005, an action was filed in Fifth District Court in Twin Falls, Idaho, by Citifinancial Mortgage Co., Inc. f/k/a Associates Financial Services, Inc., to foreclose a real estate mortgage executed by Debtors on May 20, 1999.  A corresponding lis pendens was recorded.  Ex. 4-21.  The legal description of the property subject to this mortgage is the same as that on the HFC deed of trust.  *Id.*; Ex. 1.  Because of its earlier date, the mortgage appears to be senior in priority to the deed of trust at issue here.  The parties have stipulated that a default judgment and order of foreclosure was entered in the state court action on June 15, 2006. [Amended] Stipulated Facts, ¶13.  The Court presumes there has been no sheriff's sale conducted in that foreclosure proceeding.

[3] Debtors originally objected to the procedure recommended by the Court for submission of stipulated facts.  Docket No. 34.  However, because the Court conducted another hearing at which the parties were given an opportunity to supplement the

MEMORANDUM OF DECISION - 3

a final hearing concerning the motion, at the conclusion of which the issues were taken under advisement.

### *Analysis and Disposition*

#### I.

Under 11 U.S.C. § 362(a)(1), when a debtor files a bankruptcy petition, an automatic stay arises which precludes "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . [.]" In addition, § 362(a)(3) prohibits "any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate[.]"

Creditor moves under § 362(d)(1) for relief from the stay for "cause" so that it may take legal action against Debtors to recover possession of the property. Creditor argues that Debtors held no enforceable interest in the property subject to the deed of trust on the date they filed their chapter 12 petition. Because Creditor's trustee's deed to the property was recorded on June 30, 2006, nineteen days before Debtors filed their petition, Creditor contends that the property never became a part of Debtors' bankruptcy estate, and is not protected by the automatic

---

stipulation of facts with other evidence and testimony, it appears any procedural objection is now moot.

MEMORANDUM OF DECISION - 4

stay.[4]

Debtors object. They argue that the language in the trust deed concerning the size and location of the property is incorrect. As a result, Debtors insist that HFC should have been required to foreclose the deed of trust through a foreclosure action, rather than though a trustee's sale. They contend that the sale to Creditor was void because the property could not be sold via trustee's sale.

Idaho statutes authorize the use of a deed of trust to secure a property-owner's obligation to another, enforceable through a sale of the property by a trustee in the event of a default. Idaho Code § 45-1503. However, not all real property can be the subject of a deed of trust. The limitations on this security device are set forth in Idaho Code § 45-1502(5), which provides:

> "Real property" [which may be subject to a deed of trust] means any right, title, interest and claim in and to real property owned by the grantor at the date of execution of the deed of trust or acquired thereafter by said grantor or his successors in interest. Provided, nevertheless, real property as so defined which may be transferred in trust under this act shall be limited to either (a) any real property located within an incorporated city or village at the time of the transfer, or (b) any real property not exceeding forty (40) acres, regardless of its location, and in either event where the trust deed states that the real property involved is within either of the above provisions, such statement

---

[4] Section 362(g) allots the burden of proof to Creditor, as the moving party, to prove that Debtors had no equity in the property.

MEMORANDUM OF DECISION - 5

> shall be binding upon all parties and conclusive as to
> compliance with the provisions of this act relative to
> the power to make such transfer and trust and power of
> sale conferred in this act.

The parties have stipulated that Debtors' property was approximately 80 acres, and not located within any city or village. Because of this, Debtors maintain that the trust deeds provisions of the Idaho Code are inapplicable, and the obligation created by the deed of trust they executed in favor of HFC in this instance must be treated, and foreclosed, as a mortgage. *See,* Idaho Code § 45-904 ("Every transfer of an interest in property other than in trust to secure the performance of any obligation of the trustor or other person named in the trust instrument, made only as a security for the performance of another act, is to be deemed a mortgage.") Whether the instrument Debtors executed in favor of HFC constitutes an enforceable deed of trust, or must be construed to be a mortgage, is not merely an issue of semantics. Rather, the procedures for foreclosure of a mortgage are very different than those employed here for foreclosure of a deed of trust. Of particular import here, there is a one year post-foreclosure redemption period for mortgages which is not available to those securing their debts by a deed of trust. Idaho Code § 45-1508.

II.

MEMORANDUM OF DECISION - 6

For several reasons, the Court is not persuaded by Debtors' argument that, because of the size of their property, the HFC deed of trust must be foreclosed as a mortgage, and the deed of trust sale conducted in this case deemed void.

A.

A fair reading of the language of the statute supports the conclusion that by merely including a statement in a deed of trust that the property to be encumbered is either less than 40 acres in size, or located within an incorporated city or village, the parties may, in effect, render the property eligible for encumbrance by a deed of trust with a power of sale. The statute expressly provides that "where the trust deed states that the real property involved is within either of the above provisions, such statement shall be binding upon all parties . . . ." Idaho Code § 45-1502(5). The statute includes no requirement that the statement be accurate, and provides no remedy for inaccuracies, whether accidental or intended. Rather, this approach appears to be a legislatively-created method for parties, via their contract, to bring the property within the operation of the statute.

This statute has been considered by this Court in *Bear Lake West, Inc. v. Stock*, 36 B.R. 413 (Bankr. D. Idaho 1984). In its decision, the Court analyzed the impact of Idaho Code § 45-1502(5) in relation to certain terms

MEMORANDUM OF DECISION - 7

included in a contract for the sale of real property. The facts in *Bear Lake West* were somewhat different than those presented here. In that case, the language in the deed of trust recited the *actual* size of the land parcels. In the corresponding contract of sale, the parties expressed their intent to take advantage of § 45-1502(5) by use of a deed of trust for a parcel which was greater than 20 acres.[5] When Bear Lake West filed for bankruptcy relief, the trustee challenged the validity of the creditor's deed of trust to secure the sale contract obligations.

The Court determined the trust deed must be foreclosed as a mortgage. It noted that, to be valid, Idaho Code § 45-1502(5) requires that the *trust deed* state that the property is either less than the specified size, or located within an incorporated city or village. In *Bear Lake West*, it was the contract of sale, and not the trust deed, which recited the statutory language. Thus, the Court held that the trust deed did not come within the statutory definition, and the transaction would be treated as a mortgage. *Id*. at 416.

However, in *Bear Lake West* court, admittedly in dicta, the Court considered whether the statute should be read literally. The Court stated:

> The deed of trust, however, did not contain the
> necessary language under I.C. 45-1502(5) but, rather,
> reflected the actual size of the parcels as aggregated

---

[5] The statute formerly provided that the parcel of land had to not exceed 20 acres, but was amended to 40 acres in 1997.

MEMORANDUM OF DECISION - 8

> above. *There is no doubt that, had it contained such language, the trust deed would be valid and enforceable.*

*Id*. at 414 (emphasis supplied) (footnote omitted). The Court considered the same contention Debtors make here, and said,

> The Idaho Legislature did not state in enacting the trust deed act that a deed under that act for an acreage in excess of the amount specified in § 45-1502(5) would be void, ineligible for recordation, or ineffective to effect a pledge of the property for purposes of securing performance of the purchase obligation. To the contrary, the Idaho statute provides that acreage in excess of 20 acres may be pledged as security under the provisions of Chapter 15, Title 45, if the parties merely state that the acreage limitation has been observed *regardless of the true state of the facts*.

*Id.* at 414-15 (emphasis in original).

Debtors seize on additional language in *Bear Lake West* to support their position. The note that the Court observed that:

> The limitation on use of the trust deed process stems from the agricultural constituency of the Idaho Legislature; there is a manifest intent that the requirement of judicial foreclosure and the right of one year redemption be retained for farm-sized parcels not within the boundaries of incorporated areas.

*Id.* However, this observation was immediately followed by this conclusion:

> Yet the legislature enabled parties desiring to use the trust deed process to waive the protection of the mortgage and foreclosure process requiring only that they *allege* the acreage

MEMORANDUM OF DECISION - 9

> and location limitations were met even though such was not
> the case. Thus, it would appear that, regardless of form,
> Idaho law conceives of the trust deed process as merely a
> contractual alternative to a mortgage.

*Id.* (emphasis in original).

While the facts in the case were different, the Court is persuaded it should adhere to the reasoning in *Bear Lake West*. By the language utilized in § 45-1502(5), the Idaho Legislature indicated its intent that parties should be allowed to contractually determine in the mortgage instrument the method of foreclosure in the event of a default, regardless of whether the property was used for agricultural purposes, and regardless of the parcel's actual size. Debtor has cited no authority to persuade the Court to hold otherwise. Therefore, the Court concludes that the inclusion of the required language in the trust deed operates to render the property eligible for foreclosure by trustee's sale, regardless of the size of the parcel of property, and even if all parties knew of the inaccuracy of the recitation in the trust deed.

The Court acknowledges that this is perhaps an odd method for the Legislature to employ to accomplish the fairly straightforward purpose of allowing the parties to determine if property should be subject to a power of sale. While the means are curious, the statute should be enforced as it is written, and the recitations of the parties included in the deed of trust in this case effectively render

MEMORANDUM OF DECISION - 10

the trust deed suitable for foreclosure by trustee's sale, and not by judicial action as a mortgage.

The Court appreciates that this interpretation of the trust deed statutes potentially denies a farmer the right of redemption available under the mortgage foreclosure laws designed largely to protect farmers. However, the Idaho Supreme Court has instructed that:

> The legislative withdrawal of this legislatively given right of redemption is not a denial of due process, where the withdrawal is effected only in cases where the property owner by his contract so agrees. By the terms of their trust deed and the applicable law the defendants agreed to, and authorized, the sale of the property by the trustee without judicial proceedings and without a right in them to redeem. The statute authorizing trust deed with power of sale in cases coming within its terms, is a recognition of the right of a property owner, as an incident of ownership, to dispose of his property on terms agreeable to himself.

*Roos v. Belcher*, 321 P.2d 210, 211 (Idaho 1958). Accordingly, it is of no moment that the results may frustrate the broader legislative scheme.

The fact that HFC, and not Debtors, drafted the documents is also of no help to Debtors. In Idaho, "a party who signs an instrument manifests assent to it and may not later complain that he did not read the instrument or that he did not understand its contents." *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 833 P.2d 128, 131 (Idaho Ct. App. 1992) (citing J. Calamari & J. Perillo, The Law of Contracts,

MEMORANDUM OF DECISION - 11

§ 9-42 at 28-29 (1977)).

## B.

Debtors raise one additional argument deserving comment. They contend that because the trust deed in this case stated the property did not exceed *20* acres, while the statute requires that the deed of trust provide that the property does not exceed *40* acres, that the necessary statutory language was not included. The Court disagrees.

Holding the contracting parties to the precise words in the statute could lead to ridiculous results. For example, a typo in the deed of trust could be held to defeat the intent of the parties. Likewise, if the trust deed stated that the property was "less than" rather than "not exceeding" forty acres, the language of § 45-1502(5) could be rendered useless. This could not have been what the Idaho Legislature intended. Instead, the Court holds that if, from the face of the trust deed, it is clear that the parties intend to invoke the formulaic language of § 45-1502(5), then that effort should be recognized and enforced.

Debtors should not be able to take advantage of the fact that the Legislature has, over the years, *increased* the size of a parcel that can be subject to a power of sale. By reciting that their property did not exceed 20 acres in size, it is clear Debtors were likewise representing that the parcel did not exceed 40 acres.

MEMORANDUM OF DECISION - 12

The Court concludes that the parties effectively employed the trust deed statutes as a vehicle for foreclosure in the instant case.

### *Conclusion*

The Idaho statutes provide that a sale "made by a trustee under [the trust deed] act shall foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is given . . . ." Idaho Code § 45-1508; *see also, In re Young*, 156 B.R. 282, 287 (Bankr. D. Idaho 1993).[6] As a result, Debtors' interest in the property was terminated upon sale, which occurred prior to the filing of their bankruptcy petition. As Debtors had no interest in the property when they filed their chapter 12 petition, the property would not be part of Debtors' bankruptcy estate.

Creditor's motion is granted, and the automatic stay is terminated to allow Creditor to take legal action against Debtor to obtain possession of the real property at issue.[7]

---

[6] Again, Debtors have not argued that the procedure to foreclose the deed of trust by trustee's sale was deficient in this case.

[7] There was an alfalfa crop growing on the property at the time of the filing of Creditor's motion. The chapter 12 trustee sought a ruling from the Court that the Debtors ought to be allowed to harvest the crop and to use the crop sale proceeds in connection with their efforts to reorganize. Creditor does not object to the Debtors' harvesting of the crop, and retention of the proceeds, so long as the harvest is completed within a reasonable time, and the crop removed without damaging the real property. Docket No. 39. Therefore, the Court deems any issue concerning the crop moot.

MEMORANDUM OF DECISION - 13

A separate order will be entered.

Dated: October 31, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 14