# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

CHESTER T. WIEBE and
PATRICIA E. WIEBE,

   **Debtors.**

**Bankruptcy Case
No. 06-40325**

_____

**MEMORANDUM OF DECISION**

_____

*Procedural History*

Chester T. Wiebe and Patricia E. Wiebe ("Debtors") obtained a loan from Household Finance Corporation ("HFC") in November, 2002. The obligation was secured by a second priority deed of trust on a parcel of Debtors' real property.[1] Debtors defaulted on the payments on the note, and at HFC's request, a trustee's foreclosure sale was held on June 22, 2006, at which time HFC purchased the property via credit bid. A trustee's deed conveying the property to HFC was recorded on June 30, 2006. HFC thereafter assigned its interest to FRC Investment Trust, ("Creditor").

---

[1] Citifinancial Mortgage Co., Inc. f/k/a Associates Financial Services, Inc., holds an unpaid first mortgage on the property. Ex. 4-21; 1.

MEMORANDUM OF DECISION - 1

On July 19, 2006, Debtors filed a petition for relief under chapter 12.[2] On August 1, 2006, Creditor filed a Motion for Relief from Stay seeking authority to pursue legal action against Debtors to obtain possession of the property. Docket No. 70. On October 31, 2006, this Court issued a Memorandum Decision and corresponding Order granting Creditors' request for stay relief. Docket Nos. 81, 82. Debtors filed an appeal from the order. Docket No. 86; 94.

In the meantime, on November 15, 2006, Creditor filed its Application for Writ of Possession. Docket No. 91. Debtors objected to Creditor's application. Docket No. 96. In addition, on November 20, 2006, Debtors filed a Motion to Make Adequate Protection Payments in Lieu of Posting Bond.[3] On November 27, 2006, the Court conducted a hearing concerning these motions, and thereafter took the issues under advisement.

Debtors withdrew the appeal on December 8, 2006, Docket No. 115, and on December 21, 2006, the BAP entered its Order of Dismissal regarding the

---

[2] All chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005).

[3] At the hearing, the parties and the Court agreed that Debtors' motion should be treated as a motion for a stay pending appeal under Rule 8005. The motion was, essentially, a request by Debtors that the Court stay its prior order authorizing Creditor to take legal action against them on condition that, pending appeal, they make what they described as "adequate protection" payments to Creditor.

MEMORANDUM OF DECISION - 2

appeal, which order constitutes a mandate vesting this Court with jurisdiction over this case once again.

Having given due consideration to the submissions and the arguments of the parties, as well as the applicable law, the Court concludes both motions should be denied. The following constitutes the Court's findings of fact, conclusions of law, and disposes of the issues raised by Creditor's application and Debtors' motion. Rule 7052; 9014

### *Analysis and Disposition*

Through its application, Creditor seeks a writ from this Court to evict Debtors from the property, so that it may gain possession of the parcel. When questioned at the hearing concerning this Court's authority to issue such an order, counsel for Creditor suggested that since this Court retains jurisdiction over the bankruptcy case during the pendency of the appeal, it is the appropriate forum in which to make such a request. Furthermore, because of the appeal pending at the time of hearing, Debtors' counsel speculated that a state court would likely decline to issue such a writ, for fear of interfering or hindering the bankruptcy court process in some manner.

MEMORANDUM OF DECISION - 3

But, as noted above, after the hearing, Debtors withdrew, and the BAP dismissed, the appeal. As a result, it is doubtful that a state court would be confused or reluctant to act if Creditor requests relief in that forum.

Moreover, in its prior decision, the Court ruled that Debtors' interest in the property had terminated upon its sale, which occurred prior to the filing of their bankruptcy petition. Mem. Decision and Order at 13, Docket No. 81. The Court concluded that, under Idaho law, Debtors had no further cognizable interest in the property when they filed their petition, and therefore, the property was not property of their bankruptcy estate so as to be protected by the automatic stay . *Id*. While this Court likely has jurisdiction to issue a writ of possession in Creditor's favor under these circumstances pursuant to 28 U.S.C. § 1334(b), that authority is concurrent with the jurisdiction of the state courts. And while § 105(a) provides that this Court may "issue any order, process, or judgment *that is necessary or appropriate to carry out the provisions of this title . . . ,*" an order evicting Debtors from property that is not property of the Debtors' bankruptcy estate is, in the Court's opinion, under these facts, not necessary to implement any provision of the Bankruptcy Code. Rather, as Creditor's motion for stay relief indicated, Creditor is free to assert its rights to possession of this property in another, more

MEMORANDUM OF DECISION - 4

appropriate forum.  The Creditor's application for writ of possession will therefore be denied.

Debtors' motion will also be denied.  The Court has determined that the parcel of real property is not part of Debtors' bankruptcy estate, and Debtors have now abandoned their appeal from that decision.  Debtors' request that the Court stay Creditor's actions concerning that real property pending appeal is therefore moot.

## *Conclusion*

A separate order denying both motions will be entered.

Dated:  January 3, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge